UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GERALD WALKER,<br><br>                              Plaintiff,<br><br>-against-<br><br>MICHAEL CAPRA; DSS THORPE; SUPERINTENDENT UHLER; DSS BICHOP; SORC MANUEL; VELEZ; COMMISSIONER ANTHONY ANNUCCI; DEMERS; CAPTAIN JOHN DOE; CAPTAIN DIXON<br><br>                              Defendants. | 22-CV-7638 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Upstate Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983. He asserts some claims that arose during his earlier incarceration in Sing Sing Correctional Facility and others that relate to his current incarceration in Upstate Correctional Facility. By order dated September 22, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1]

For the reasons set forth below, the Court severs Plaintiff's claims arising at Upstate Correctional Facility and transfers them to the United States District Court for the Northern District of New York. The Court grants Plaintiff leave to file an amended complaint, within 60 days of the date of this order, as to his claims arising at Sing Sing Correctional Facility.

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(b)(1).

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## BACKGROUND

The following facts are alleged in Plaintiff Gerald Walker's complaint. While Plaintiff was at Sing Sing Correctional Facility (Sing Sing), on an unspecified date, he was "depriv[ed] [of] use of [his] hearing aids for 21 days." (ECF 1 at 4.) Moreover, "necessary medical care was delayed by the failure to evaluate and determine whether [his] testicles ha[d] perhaps worsened into cancer." (*Id.*) Both "mental health and counseling staff" deprived him of therapeutic treatment, work assignments, and core programming that affected his projected release date. He was also deprived of his personal property, including his clothing, television, commissary, "hot pot," tablet, books, and "clippers." (*Id.*)

In addition, at some point, Plaintiff "was subjected to shackles and handcuffs without an individualized assessment that restraints [we]re required." (*Id.*) He had no "meaningful opportunity" to challenge the use of the restraints.

On July 22, 2022, Plaintiff was accused of assaulting another prisoner and sent to the segregated housing unit (SHU).[2] At a hearing on the disciplinary charges, Plaintiff asked Hearing Officer "Stasko" for assistance gathering information, and the hearing was adjourned to allow Plaintiff more time to prepare. When the hearing resumed, Supervising Offender Rehabilitation Coordinator (SORC) Manuel presided. As soon as SORC Manuel saw Plaintiff, she told him to "prepare for appeal," from which he infers that she had made a "predetermination of guilt." (*Id.* at 3.) During a prior incident, when SORC Manuel headed the program committee, she had deprived Plaintiff of wages that he had earned and had demonstrated that "she was biased against" him. (*Id.*) Plaintiff has filed numerous grievances and Freedom of Information Law (FOIL) requests, though Plaintiff does not indicate whether these implicated Manuel, and she was now using "the disciplinary process . . . as a tool for retaliation." (*Id.* at 3.) Manuel found Plaintiff guilty of the disciplinary charges and sentenced him, on August 5, 2022, to 165 days of SHU confinement.

On August 26, 2022, Plaintiff was transferred from Sing Sing to Upstate Correctional Facility (Upstate). At Upstate, Plaintiff continues to be denied "therapeutic treatment, programming, services and property." (*Id.* at 5.) He has been subjected to unsanitary conditions and deprived of cleaning supplies.

Plaintiff sues the Commissioner of the Department of Corrections and Community Supervision, Anthony Annucci, in his official capacity, seeking injunctive relief, and he sues the following defendants from Sing Sing, in their individual capacities, for damages: SORC Manuel;

---

[2] Although Plaintiff does not specify where he was located during the disciplinary proceedings and events giving rise to those proceedings, because he states that the events occurred in July 2022, and he was transferred out of Sing Sing in August 2022, it appears that these events took place at Sing Sing.

3

"DSS" Thorpe; Deputy Superintendent of Programs Velez; and Captain Dixon. Plaintiff also sues the following defendants from Upstate: Superintendent Uhler; Deputy Superintendent of Programs Demers; "DSS" Bishop; and Captain John Doe ("the Upstate defendants").

## DISCUSSION

A.  **Claims against Upstate Defendants**

1.  Severance of claims arising at Upstate

Rules 18 and 20 of the Federal Rules of Civil Procedure govern joinder of claims and parties, respectively. Rule 18 permits a plaintiff to join as many claims as he has against a particular defendant. *See* Fed. R. Civ. P. 18(a). Rule 20 permits multiple defendants to be joined in one action if: (A) any right to relief is asserted against them jointly, severally, or in the alternative arising out of the same transaction, occurrence, or series of transactions . . . ; and (B) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2).

Although courts have interpreted Rule 20(a) liberally to allow related claims to be tried within a single proceeding, *Barr Rubber Products Co. v. Sun Rubber Co.,* 425 F.2d 1114, 1126-27 (2d Cir. 1970), "the mere allegation that Plaintiff was injured by all defendants is not sufficient to join unrelated parties as defendants in the same lawsuit pursuant to Rule 20(a)," *Deskovic v. City of Peekskill*, 673 F. Supp. 2d 154, 167 (S.D.N.Y. 2009).

Rule 21 of the Federal Rules of Civil Procedure provides that "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. In determining whether to sever a claim, the court considers "the two requirements of Rule 20 and additional factors, including (1) whether severance will serve judicial economy; (2) whether prejudice to the parties would be caused by severance; and (3) whether the claims involve different witnesses and evidence." *Kehr v. Yamaha Motor Corp.*,

596 F. Supp. 2d 821, 826 (S.D.N.Y. 2008) (relying on *Laureano v. Goord*, No. 06-CV-7845, 2007 WL 2826649, at *8 (SD.N.Y. Aug. 31, 2007)). Put another way, courts "look to the logical relationship between the claims and determine 'whether the essential facts of the various claims are so logically connected that considerations of judicial economy and fairness dictate that all the issues be resolved in one lawsuit.'" *Kalie v. Bank of Am. Corp.*, No. 12-CV-9192 (PAE), 2013 WL 4044951, at *3 (S.D.N.Y. Aug. 9, 2013) (quoting *United States v. Aquavella*, 615 F.2d 12, 22 (2d Cir. 1979)).

Here, Plaintiff's claims against the Upstate defendants are not logically related to his claims arising at Sing Sing, and the claims are therefore not properly joined in one action. Sing Sing is within this district but Upstate is not. The Court therefore severs Plaintiff's claims against the Upstate defendants arising at that facility.

2.   Transfer of claims arising at Upstate

Upstate is in Franklin County, New York, which is in the Northern District of New York. 28 U.S.C. § 112(a). Venue of Plaintiff's claims arising at Upstate is therefore proper, under 28 U.S.C. § 1391(b)(2), in the Northern District of New York, where the claims arose. Plaintiff does not plead facts about where the Upstate defendants reside, and it is therefore unclear if venue, under 28 U.S.C. § 1391(b)(1), is proper in this district.

Even when a case is brought in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's

5

familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where the plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

Here, transfer under Section 1404(a) appears to be appropriate. The underlying events for the claims arising at Upstate occurred in Franklin County, in the Northern District of New York, and it is reasonable to expect that all relevant documents and witnesses would be in the district where the claims arose. Accordingly, the Clerk of Court is directed to transfer the claims against the Upstate defendants to the United States District Court for the Northern District of New York.

**B.      Claims arising at Sing Sing**

    1.      Deprivation of property

A Section 1983 claim for a random and unauthorized deprivation of property is not recognized in federal court if the state courts provide a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009). Thus, "even the intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014).

Plaintiff seeks damages for the loss of his property, including the loss of his television, commissary, clothing, "hot pot," tablet, books, and "clippers."[3] (ECF 1 at 4.) Plaintiff does not allege any facts suggesting that his available state remedies are in any way inadequate or inappropriate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's Section 1983 due process claim concerning the loss of his property is therefore dismissed for failure to state a claim on which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2. Medical Care

A convicted prisoner asserting a claim for deliberate indifference to his serious medical needs must plead facts satisfying the two elements of such a claim: (1) an "objective" element, which requires a showing that the medical issue is sufficiently serious, and (2) a "subjective" or "mental" element, which requires a showing that the defendant acted with at least deliberate indifference to the risk of serious harm. *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017).

The objective element requires allegations that the plaintiff's medical need is a "sufficiently serious" condition that "could result in further significant injury or the unnecessary and wanton infliction of pain." *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)); *see also Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (noting that standard contemplates "a condition of urgency, one that may produce death, degeneration, or extreme pain").

---

[3] There is no indication that Plaintiff was deprived of these items pursuant to an established policy, rather than due to the random and unauthorized actions of a prison official. *Butler v. Castro*, 896 F.2d 698, 700 (2d Cir. 1990) (holding that "the existence of independent state relief does not defeat a Section 1983 claim where the deprivation complained of results from the operation of established state procedures").

To satisfy the subjective or "mental" element, a convicted prisoner must allege that a correction official actually "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Darnell*, 849 F.3d at 32 (quoting *Farmer*, 511 U.S. at 837). That is, a convicted prisoner must allege that the official was both "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also [have] draw[n] the inference." *Id*.

Plaintiff alleges that "necessary medical care was delayed by the failure to evaluate and determine whether [his] testicles ha[d] perhaps worsened into cancer." (ECF 1 at 4.) He further alleges that "mental health and counseling staff" deprived him of therapeutic treatment. (*Id.*) Vague allegations that Plaintiff "perhaps" had cancer, or that he was deprived of unspecified "therapeutic treatment," are insufficiently specific to plead that Plaintiff had an objectively serious medical need.

Plaintiff also alleges that he was "depriv[ed] [of] use of [his] hearing aids for 21 days." (ECF 1 at 4.) Plaintiff does not plead any facts showing that his medical need for the hearing aids satisfies the standard for an objectively serious medical need, such as any facts about his degree of hearing loss or whether hearing aids are medically necessary. Moreover, Plaintiff has not identified any defendant who was personally involved in depriving him of hearing aids. *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("To establish a defendant's individual liability in a suit brought under [Section] 1983, a plaintiff must show . . . the defendant's personal involvement in the alleged constitutional deprivation."). Plaintiff has not alleged that the deprivation of hearing aids for 21 days was deliberate and knowing, or whether, for example, this was the time it took to have him diagnosed and fitted with new hearing aids. Plaintiff's allegations do not include sufficient facts to show that any defendant acted with deliberate indifference to Plaintiff's serious medical need in depriving him of a hearing aid.

8

Because Plaintiff may be able to replead these claims to include facts showing that he had a serious medical need and that one or more individuals named as defendant(s) acted with deliberate indifference to his serious medical needs, the Court grants Plaintiff leave to replead his claims that he was denied constitutionally adequate medical care.

3. Procedural Due Process

To state a claim for a denial of procedural due process, a plaintiff must allege that (1) he possessed a liberty interest, and (2) he was deprived of that interest as a result of insufficient process. *See Ortiz v. McBride*, 380 F.3d 649, 654 (2d Cir. 2004); *Giano v. Selsky*, 238 F.3d 223, 225 (2d Cir. 2001). "Liberty interests protected by the Fourteenth Amendment may arise from two sources—the Due Process Clause itself and the laws of the States." *Hewitt v. Helms,* 459 U.S. 460, 466 (1983). In the prison setting, liberty interests protected by due process are "limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 486 (1995).

    a. Restraints

Plaintiff alleges that, on an unspecified date, he "was subjected to shackles and handcuffs without an individualized assessment that restraints [we]re required." (ECF 1 at 4.) He further states that he had no "meaningful opportunity" to challenge the use of the restraints. (*Id.*) These allegations can be construed as asserting a Section 1983 claim that he was shackled in violation of a constitutional right to procedural due process.

The liberty interest in remaining free from bodily restraint "survives a criminal conviction and incarceration, pretrial detention, or involuntary civil commitment." *Youngberg v. Romeo*, 457 U.S. 307, 316 (1982); *Ashby v. Quiros*, 443 F. Supp. 3d 232, 242 (D. Conn. 2020) (convicted prisoners on death row "possessed a liberty interest in being free of out-of-cell restraints," where restraint policy imposed an atypical and significant hardship, and where

9

prisoners in the general population and restrictive housing units were not subject to such restraints).

"[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Benjamin v. Fraser*, 264 F.3d 175, 190 (2d Cir. 2001) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 334 (1976)). Even pretrial detainees, who generally cannot be punished, can be subjected to specialized restraints ("security mitts") without prior notice or an opportunity to be heard, *Benjamin v. Fraser*, 264 F.3d 175, 182 (2d Cir. 2001), though if the restraints are ongoing, detainees must thereafter (1) be afforded a hearing with the procedural protections articulated in *Wolff v. McDonnell*, 418 U.S. 539 (1974); and (2) receive a written decision from the hearing officer. *Benjamin*, 264 F.3d at 181.

Here, Plaintiff has not pleaded sufficient facts to allow the Court to understand the facts of the incident underlying his claim. It is unclear when Plaintiff was shackled or for how long, when or where it occurred, why the restraints were imposed, or whether this was a one-time incident or recurring issue. Plaintiff thus fails to include sufficient facts to state a claim that he was restrained in violation of his right to procedural due process.

b. Disciplinary hearing

Plaintiff faced disciplinary proceedings for allegedly assaulting another prisoner. He alleges that the hearing officer, SORC Manuel, was biased against him and predetermined that he was guilty before hearing the evidence. On August 5, 2022, Plaintiff was found guilty and punished with "165 days confinement" and "loss of privileges."

Because Plaintiff alleges that he was disciplined with 165 days' confinement, presumably in a segregated housing unit, he may sufficiently allege that he was subjected to such an atypical and significant hardship. *See, e.g., Davis v. Barrett*, 576 F.3d 129, 133 (2d Cir. 2009)

("[R]estrictive confinements of less than 101 days do not generally raise a liberty interest warranting due process protection").

Where a liberty interest is implicated, a prisoner is not entitled to "the full panoply of rights" due in a criminal prosecution, *Sira v. Morton*, 380 F.3d 57, 69 (2d Cir. 2004) (citing *Wolff*, 418 U.S. at 563-67)), but it is well-established that "[a]n inmate subject to a disciplinary hearing is entitled to an impartial hearing officer," *Allen v. Cuomo*, 100 F.3d 253, 259 (2d Cir. 1996); *see Wolff*, 418 U.S. at 570-71; *Russell v. Selsky*, 35 F.3d 55, 59 (2d Cir. 1994). An impartial hearing officer is one who, among other things, "does not prejudge the evidence and who cannot say . . . how he would assess evidence he has not yet seen." *Patterson v. Coughlin*, 905 F.2d 564, 569–70 (2d Cir. 1990); *see also Francis v. Coughlin*, 891 F.2d 43, 46 (2d Cir. 1989) ("[I]t would be improper for prison officials to decide the disposition of a case before it was heard."). Plaintiff's allegations that the hearing officer, with whom he had prior negative interactions, told him to "prepare for appeal" before hearing any evidence, could suggest a lack of partiality. Plaintiff will be given an opportunity to clarify and add facts to support his claim of partiality.

If Plaintiff chooses to file an amended complaint, it will completely replace, not supplement, the original complaint, and thus if Plaintiff wants to include this claim, he must replead and augment these facts in the amended complaint.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

11

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his claims as detailed above. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a) the names and titles of all relevant people;

b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c) a description of the injuries Plaintiff suffered; and

d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights; how, when, and where such violations occurred; and why Plaintiff is entitled to relief.

## CONCLUSION

The Court severs from this action Plaintiff's claims, against Superintendent Uhler, Deputy Superintendent of Programs Demers, "DSS Bishop," and Captain John Doe (the "Upstate defendants"), arising at Upstate Correctional Facility. The Clerk of Court is directed to transfer

the claims against the Upstate defendants to the United States District Court for the Northern District of New York.

As to the remaining claims arising at Sing Sing, Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7638 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, Plaintiff's Section 1983 claims will be dismissed for failure to state a claim, with the exception of Plaintiff's due process claim.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                                Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

-against-

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes   ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 5/20/16

I.     **LEGAL BASIS FOR CLAIM**

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐   Violation of my federal constitutional rights

☐   Other:

II.    **PLAINTIFF INFORMATION**

Each plaintiff must provide the following information. Attach additional pages if necessary.

First Name                          Middle Initial                    Last Name

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

Current Place of Detention

Institutional Address

County, City                                          State                              Zip Code

III.   **PRISONER STATUS**

Indicate below whether you are a prisoner or other confined person:

☐   Pretrial detainee
☐   Civilly committed detainee
☐   Immigration detainee
☐   Convicted and sentenced prisoner
☐   Other:

## IV. DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 2:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 3:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

Defendant 4:

| First Name | Last Name | Shield # |

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |

## V. STATEMENT OF CLAIM

Place(s) of occurrence: 

Date(s) of occurrence: 

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

Page 5

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____

Page 6